liBROWN, Judge.
On October 20, 1994, while patrolling, Shreveport police narcotics officers spotted a group of people loitering on a vacant lot in an area of town known for illegal drug activity. The officers quietly approached the group before shining a powerful spotlight on the area. Under this illumination, the officers saw defendant, Steven Walpool, sitting in the back seat of an abandoned car with the door open and his feet on the ground. Two officers saw defendant toss a white pill bottle on the floor board of the car before rising to walk toward a nearby house.
The officers retrieved the bottle. Defendant, who had ignored the officer’s commands to stop, was later found inside a nearby house and arrested. A field test conducted at the scene confirmed that the rocks inside the pill bottle were cocaine.
Defendant was charged and tried for possession of a schedule II controlled dangerous substance, a violation of LSA-R.S. 40:967(C). Two narcotics agents testified that they clearly saw defendant possess and drop the pill bottle when he realized the presence of the police. The agents further testified that only defendant fled when they approached. Defendant ignored the officers’ verbal commands to halt. A forensic chemist testified that the substance found inside the pill bottle retrieved by the officers was cocaine. During his closing argument the prosecutor made the following statement:
After you’ve reviewed the evidence, considered the evidence of the defense, we ask that you do your civil duty — your civic duty; and that is find the defendant guilty as charged of possession of cocaine with the intent to distribute. He possessed that bottle, the police officer saw him with it in his hands. And when he put it — just because he put it down doesn’t mean that he didn’t possess it. Don’t be tricked on that issue. (Emphasis added.)
Defendant’s attorney spontaneously objected and moved for a mistrial claiming that the prosecutor referred to a crime with which defendant was not charged and for which no evidence was admitted. The trial judge concluded that the remark was inadvertent and sufficiently isolated so as not to prejudice the jury. 12The motion for new trial was denied and the court, on its own initiative, admonished the jury to disregard the reference to any crime other than the charged offense. Defendant was convicted by a unanimous jury. On appeal, defendant asserts error in the denial of his motion for mistrial.
DISCUSSION
The crux of defendant’s argument rests upon his characterization of the prosecutor’s mistake as a reference to another crime which warranted a mandatory mistrial under *663 LSA-C.Cr.P.Art. 770(2). We cannot concur with this characterization. Simply stated, there was no reference to another crime. Rather, there was a misstatement in reference to the very crime with which defendant was charged. An isolated, unintentional misstatement of the crime for which a defendant is tried does not constitute an introduction of inadmissible other crimes evidence necessitating a mistrial under article 770.
The charged offense of possession was clearly spelled out in opening arguments and no evidence was admitted purporting to prove an intention to distribute cocaine. Moreover, the prosecutor quickly corrected his mistake and the trial judge subsequently admonished the jury to disregard any statement that defendant was charged with any crime other than the possession of cocaine. We conclude that the prosecutor’s misstatement was not unduly prejudicial in light of the evidence of guilt.
Our review for errors patent disclosed none.
CONCLUSION
The prosecutor’s misstatement concerning the title of the offense charged was not a reference to inadmissible other crimes. Accordingly, the denial of defendant’s motion for mistrial is affirmed.
AFFIRMED.